RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 09/05/06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHRISTOPHER ERIC HUTTON | CIVIL ACTION NO. 06-1130 |
| VERSUS | JUDGE MELANÇON |
| TECHNIQUES INTERNATIONAL CORPORATION, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are defendants Techniques International Corporation, Techniques International Corporation Nigeria Limited, Noble Drilling Corporation, Noble Drilling Services, Inc., Noble Drilling (U.S.), Inc., Noble Drilling Holding, LLC, Noble International Limited, and Ace American Insurance Company's (collectively "defendants") Motion for Summary Judgment [Rec. Docs. 77]; plaintiff's Memoranda in Opposition thereto [Rec. Docs. 80 & 84]; and defendants' Response to plaintiff's Oppositions [Rec. Docs. 85].

The facts leading up to this case are largely undisputed. Christopher Hutton ("Hutton") was employed as a safety consultant aboard the *Noble Homer Farrington*, a semisubmersible drilling vessel owned and operated by Noble Drilling Holding, L.L.C. which was, at all pertinent times, located off the coast of Nigeria. Generally, Hutton was assigned to work 28 day hitches; however, on February 6, 2006, Hutton left Lafayette, Louisiana to begin an extended 35 day hitch on the vessel.

Shortly after his return home on March 16, 2006, Hutton's foot became infected, necessitating emergency treatment at Abbeville General Hospital. Over the

course of the next several weeks and upon consultation with several physicians, Hutton underwent treatment which ultimately included partial amputation of his right foot. On June 30, 2006, Hutton filed suit against the defendants alleging that his injuries were caused by the defendants' negligence and the unseaworthiness of the *Noble Homer Farrington*. Hutton asserted claims for maintenance and cure and damages under the general maritime law, the Jones Act, and the warranty of seaworthiness.

In July of 2006, Hutton was readmitted to the hospital and was prescribed long-term antibiotic therapy for a relapse of the infection. On March 28, 2007, Hutton was again readmitted to the hospital with symptoms of fever, loss of appetite and weight loss. Tests were conducted and it was determined that Hutton was suffering from lymphoblastic leukemia. On April 19, 2007, shortly after the first round of chemotherapy agents were administered to treat the leukemia, Hutton experienced multiple organ failure and passed away.

On May 23, 2007, Hutton was substituted as plaintiff by his wife, Wendy Hutton ("plaintiff"). In addition to realleging the previous causes of action, plaintiff asserted a causes of action under the Jones Act for the wrongful death and for the alleged willful, persistent, and callous failure to provide prompt maintenance and cure.

The primary issues currently before the Court are whether Hutton contracted the infection while in the course and scope of his employment and, if so, whether

that infection contributed to his ultimate death. While it is undisputed that the infection did not cause the leukemia and that the leukemia was the *primary* cause of Hutton's death, plaintiff argues that the infection, which was allegedly contracted while Hutton was in the service of the *Noble Homer Farrington*, at the very least *contributed* to Hutton's death by complicating the treatment of the leukemia.

In their Motion for Summary Judgment [Rec. Doc. 77], defendants allege that plaintiff can put forth no evidence to support any of the claims or causes of action asserted and, thus, the suit must be dismissed. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). In her Oppositions [Rec. Docs. 80 & 84] to defendants' Motion, plaintiff provides medical records, deposition testimony, and other competent evidence sufficient to create a material issue of fact to survive summary judgment.[1] As the Court cannot say that, based on the evidence currently before it, no reasonable trier

---

[1] In addition to other evidence, plaintiff points to the deposition of Dr. Robert Kessler and the declaration of Dr. Paul Avenel. Dr. Kessler testified that the treatment of the leukemia was complicated by the infection and Dr. Avenel stated that the infection was more probably than not of foreign origin. *Deposition of Dr. Robert Kessler* [Rec. Doc. 80], pgs. 86-87; *Declaration of Dr. Paul* [Rec. Doc. 80], pg. 3.

of fact could not find in plaintiff's favor, this case in not in a posture to be properly disposed of by summary judgment. Accordingly, it is

**ORDERED** that the defendants' Motion for Summary Judgment [Rec. Doc. 71] is **DENIED**.

**THUS DONE AND SIGNED** this 5th day of September, 2008 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge